# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON URIAH FLOW, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) NO. CIV-10-134-D |
| ROTO- ROOTER CORPORATION, GENE BRIERLY, KYLE BRIERLY, CHRIS BRIERLY, and DINA BRIANT, | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Plaintiff, appearing pro se and *in forma pauperis*, has filed this action against Defendants alleging claims described as defamation of character, slander, and breach of contract. Plaintiff also refers to discrimination based on a mental disability.

Plaintiff fails to allege the basis for this Court's jurisdiction. However, he states that Defendants Gene Brierly and Kyle Brierly are residents of Oklahoma; Plaintiff also resides in Oklahoma. As a result, federal court jurisdiction cannot be based on diversity of citizenship, because Plaintiff and at least two named defendants are residents of the same state.[1] For federal court jurisdiction to exist pursuant to 28 U. S. C. § 1332(a)(1), there must be complete diversity of citizenship between the plaintiff and each defendant. *Symes v. Harris*, 472 F. 3d 754, 758 (10th Cir. 2006). According to the Federal Rules of Civil Procedure, a federal court must dismiss an action when it determines that subject matter jurisdiction is absent. Fed. R. Civ. P. 12(h)(3)("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject

---

[1] Plaintiff does not identify the residence of any remaining defendants.

matter, the court shall dismiss the action.").

Although diversity of citizenship jurisdiction is clearly absent, the Court has reviewed the Complaint to determine if jurisdiction may be based on the existence of a federal question, pursuant to 28 U. S. C. § 1331. Because Plaintiff appears *pro se*, his complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court will not assume the existence of facts not alleged. *Whitney v. New Mexico*, 113 F. 3d 1170, 1173-74 (10th Cir. 1997).

In the Complaint, Plaintiff includes a reference to discrimination by the defendants on the basis of Plaintiff's mental disability. If Plaintiff contends the defendants somehow violated the Americans with Disabilities Act, this Court could potentially have subject matter jurisdiction based on a claim arising under federal law. However, if Plaintiff is asserting a violation of Oklahoma's disability discrimination law, federal jurisdiction would not exist.

The allegations in the Complaint are too vague and unclear to state a claim for relief on either state or federal law. Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the Complaint must set forth a short and plain statement of the grounds for jurisdiction, the claim for relief, and a demand for the relief sought. A pleading must, in addition to setting forth grounds for jurisdiction, provide the opposing party with fair notice of what the claim is and the grounds upon which it rests. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U. S. 308, 319 (2007). *Pro se* litigants are not relieved of the obligation to allege sufficient facts to support a proper legal claim. *Riddle v. Mondragon*, 83 F. 3d 1197, 1202 (10th Cir. 1996). A district court may always dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). *Justice v. Oklahoma Dept. of Human Services Child Welfare*, 122 F. App'x. 938, 940 (10th Cir. 2004) (unpublished opinion) (citing *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991)).

2

In this case, Plaintiff has failed to allege the basis for this Court's jurisdiction; furthermore, he has failed to allege facts sufficient to state a plausible claim for relief based on the existence of a federal question. As a result, this action is dismissed. However, the Court concludes that the dismissal should be without prejudice to the filing of a new action; if Plaintiff asserts claims based only on state law, he may pursue a claim in the proper state court. This Court would lack jurisdiction unless Plaintiff clearly identifies, and properly pleads all necessary facts to support, a claim based on federal law or within the Court's diversity jurisdiction. Subject to these admonitions, the Complaint is DISMISSED without prejudice to the filing of a new action in the proper forum.

IT IS SO ORDERED this  8th  day of March, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE